**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BLAISE MAHALIK** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LISA CANTANIA, SHANE KENNEDY,** | : | |
| **and CANTANIA ENGINEERING** | : | **NO. 18-2073** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                             **December 20, 2018**

In this civil rights action, *pro se* plaintiff Blaise Mahalik, claims the defendants, a borough inspector, a borough engineer and an engineering firm, violated his Fourth Amendment rights. He alleges that after he called Norwood Borough (the Borough) to report a large hole under the street, the individual defendants arrived at his home. He claims they inspected and photographed his property, locked him out of his house, and confiscated his plumbing permit. He contends they did so without a warrant, his consent or other justification.

The defendants move to dismiss for failure to state a claim. They principally argue there were exigent circumstances requiring them to lock Mahalik out of his residence until repairs were made. They also contend Mahalik lacks standing and he cannot sue the individual defendants in their official capacities.

We conclude that Mahalik has stated a Fourth Amendment claim for unlawful search and seizure against the individual defendants. The conduct he has alleged is presumptively unreasonable. There are no facts in the complaint showing exigent circumstances. Because these circumstances are supplied in the defendants' motion, we cannot consider them at this stage.

**Background**

The facts are recited from the sparsely worded complaint. When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).

On the evening of May 20, 2016, Mahalik and other unnamed individuals were repairing the plumbing main at his residence in Norwood, Pennsylvania.[1] As they were replacing the piping, they "discovered a large cavernous soil displacement," ten feet by five feet and four feet deep, under the street in front of the residence. They stopped working and called the Borough to report what they found.

Defendant Lisa Cantania, the Borough engineer, responded to the call. She appeared to be "distressed" because she was late for a dinner engagement.[2] Soon after, defendant Shane Kennedy arrived, displaying identification as a building inspector for Glenolden Borough.[3] When Cantania asked Mahalik why he started such a "big" job on a Friday afternoon, he told her the toilets in his house were not flushing, creating an emergency.[4] He told Cantania he possessed all proper permits and had called Norwood to alert it about the "cavern under the street."[5] Cantania began cursing and accusing

---

[1] Compl. (ECF No. 2) at 4.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.* at 4-5.

Mahalik and the other individuals of not knowing what they were doing.[6]  He told her she was trespassing and to leave the property.[7]  In response, Cantania "stomped all over" and took photos of the property.[8]  At some point, she padlocked the doors to Mahalik's home.[9]  When he again told her to get off the property, Cantania called the police.[10]

Police Officer Derrick responded.[11]  He ordered Kennedy and Cantania off the property after Kennedy confiscated Mahalik's permit and refused to return it.[12]  Mahalik requested that Derrick cite Cantania for criminal trespass.  Although Derrick said he would do so, no citation was issued.[13]  Cantania later sent "her own company," defendant Cantania Engineering, "out to finish the job," using the materials Mahalik had purchased.[14]

Mahalik asserts a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights.[15]  Mahalik contends the defendants were state actors acting under color of law.[16]  They displayed their government employee identification.[17]  Mahalik claims

---

[6] *Id.*

[7] *Id.* at 4-5.

[8] *Id.* at 5.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 4, 5.

[16] *Id.* at 4.

[17] *Id.*

the defendants violated his Fourth Amendment rights by padlocking his residence and by seizing his property without a warrant.[18] He argues, as he alleged in his complaint, there were no exigent circumstances to excuse the defendants from obtaining a warrant.[19] As for Kennedy, Mahalik claims he lacked authority to confiscate his "legally obtained plumbing permit."[20] He alleges Kennedy was not employed as an inspector for Glenolden Borough.[21]

Mahalik seeks compensatory and punitive damages for locking him out of his home. He also seeks an additional $2500 for the equipment he rented and $8000 to pay Cantania Engineering to finish the job.[22]

In their motion to dismiss the complaint under Rule 12(b)(6) for failure to state a cognizable claim, the defendants raise six grounds. First, they argue Mahalik lacks standing to bring a Fourth Amendment claim under § 1983 against Borough officials because he does not own the property at issue. Second, they contend his claims against Catania and Kennedy in their official capacity should be dismissed because they were acting as agents of the Borough. Third, they seek dismissal of the Fourth Amendment claim because there were exigent circumstances justifying the immediate inspection of the property. Fourth, they raise lack of jurisdiction over state law claim for criminal trespass. Fifth, they contend Mahalik has not alleged adequate facts to support his claim

---

[18] *Id.* at 5.

[19] *Id.*

[20] Am. Mot. to Quash (ECF No. 10) at 1-2.

[21] *Id.*

[22] Compl. at 5.

for compensatory or punitive damages. Sixth, they invoke qualified immunity. In the alternative, they argue Mahalik should be required to file a more definite statement under Rule 12(e).

Mahalik responded to the motion to dismiss with two "motions to quash."[23] We treat them together as a response to the defendants' motion.

## Standard of Review

The complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although this standard "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

With these standards in mind, we shall accept the facts Mahalik presents in the complaint and draw all possible inferences from these facts in his favor.

## Discussion

### *Standing*

The defendants argue Mahalik lacks standing to bring a Fourth Amendment claim under § 1983 because he does not own the property that was the subject of the search

---

[23] *See* Mot. to Quash (ECF No. 8); Am. Mot. to Quash.

and seizure. They note he has not produced a lease showing a possessory interest in the property.

Mahalik need not be the owner of the property to have standing. All he need allege is a possessory interest giving rise to an expectation of privacy. *United States v. Harrison*, 689 F.3d 301, 309 (3d Cir. 2012). In his complaint, Mahalik refers to the address as his "residence" multiple times.[24] Hence, he has standing to assert a Fourth Amendment claim.

*Claims Against Individual Defendants in Their Official Capacity*

The defendants argue Mahalik improperly sued the individual defendants in their official capacity. They allege they were acting within the scope of their employment. Indeed, the allegations show they were.

State officials acting in their official capacity are not subject to liability under § 1983. They assume the identity of the employing agency. *Hafer v. Melo*, 502 U.S. 21, 22-23, 26, 27 (1991) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). A claim for damages against state officials in their official capacity is the same as a claim against the employing entity. *Hafer*, 502 U.S. at 25 (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). Because the real party in interest in an official-capacity suit is the government agency, actions against state officials in their official capacity are treated as suits against the agency. *Hafer*, 502 U.S. at 25 (citing *Graham*, 473 U.S. at 166); *see also Will*, 491 U.S. at 71 (a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted).

---

[24] Compl. at 4-5.

Although state officials cannot be sued for damages in their official capacities, they can be sued in their personal capacities. In that instance, they are deemed "persons" for purposes of § 1983. *Hafer*, 502 U.S. at 23, 27.

To establish personal liability in a § 1983 action, the plaintiff must show the official, acting under color of state law, caused the deprivation of a federal right. *Hafer*, 502 U.S. at 25 (citing *Graham*, 437 U.S. at 166). Thus, a personal-capacity action seeks to impose individual liability upon a government official for actions taken under color of state law.[25]

Mahalik has not specified if he is suing the individual defendants Cantania and Kennedy in their official or individual capacities, or both. Because he cannot sue them in their official capacity and taking into consideration his *pro se* status, we shall assume his claims against the individual defendants are for actions taken in their personal capacities.

*Fourth Amendment Claims*

The Fourth Amendment protects citizens from unreasonable searches and seizures. *Gruenke v. Seip*, 225 F.3d 290, 300 (3d Cir. 2000). A Fourth Amendment search occurs when the government invades an individual's reasonable expectation of privacy. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). A Fourth Amendment seizure occurs when there is meaningful interference with possessory interests of property. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 209 (3d Cir. 2001) (citation omitted). Meaningful interference includes the exercise of "dominion and control" over or destruction of property. *Stone v. Martin*, 720 F. App'x 132, 134–35 (3d Cir. 2017) (quoting *Jacobsen*, 466 U.S. at 120-21); *Brown*, 269 F.3d at 209 (quoting *Jacobsen*, 466 U.S. at

---

[25] Additionally, unlike officials sued in their official capacity, officials sued in their personal capacity may assert personal immunity defenses such as objectively reasonable reliance on existing law. *Hafer*, 502 U.S. at 25 (citing *Graham*, 473 U.S. at 166-67). Qualified immunity is addressed *infra* at pages 13-15.

124-25).  Warrantless searches and seizures are presumptively unreasonable, but may be constitutionally permissible where exigent circumstances exist.  *United States v. Mallory*, 765 F.3d 373, 383 (3d Cir. 2014); *Brown*, 269 F.3d at 210.  The Fourth Amendment applies to searches and seizures in the civil and criminal context.  *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 51 (1993); *Gruenke*, 225 F.3d at 301.

The defendants move to dismiss Mahalik's claims under the Fourth Amendment.[26] They allege there were exigent circumstances requiring them to act as they did.[27]  They point to Mahalik's averments that the toilets in his house would not flush and the discovery of a large cavern under the street in front of his residence.  They contend that the large cavern posed a health and public safety risk of unsanitary sewer discharge and exposure to potentially toxic soil.[28]

None of these facts appear in the complaint.  The defendants cannot supply them in their motion to dismiss.  Consequently, we cannot consider the conditions which the defendants contend created exigent circumstances.  Whether there were exigent circumstances is a factual issue.  It cannot be resolved at the motion to dismiss stage.

Mahalik avers the defendants violated his Fourth Amendment right to be free from unreasonable searches when they walked on and around his property, inspected it, and took photographs without a warrant or consent.  The defendants argue because he contacted Borough personnel for a sewer problem and a large hole in the street, exigent

---

[26] Mot. to Dismiss at 5.

[27] *Id.*

[28] *Id.* at 6, 9.

circumstances existed, allowing them to "inspect the area at issue" for safety hazards. They contend that taking photographs was not illegal because "it appears" they were taken in "open areas" and not inside any building on the property.

Fourth Amendment protection against unreasonable search and seizure extends to the area surrounding and associated with the home. *Collins v. Virginia*, 138 S. Ct. 1663, 1670 (2018) (citing *Florida v. Jardines*, 569 U.S. 1, 6 (2013) (internal quotations omitted)); *Stone*, 720 F. App'x at 135. When a government official physically intrudes on curtilage to gather evidence, a Fourth Amendment search occurs. *Collins*, 138 S. Ct. at 1670 (citing *Jardines*, 569 U.S. at 11). A warrantless search on the curtilage to gather evidence is "presumptively unreasonable." *Collins*, 138 S. Ct. at 1670.

Under the plain view doctrine, the observation of an article "already in plain view" by officials lawfully on the premises does not involve an invasion of privacy under the Fourth Amendment. *Cosby v. Magnotta*, No. 3:10-CV-01881, 2014 WL 694998, at *8 (M.D. Pa. Feb. 24, 2014) (quoting *Morton v. California*, 496 U.S. 128, 133 (1990)). Recording visual images of a scene by means of photography does not "meaningfully interfere" with a person's possessory interest as long as the government official was lawfully on the premises. *Id.* (citing *Bills v. Aseltine*, 958 F.2d 697, 707 (6th Cir. 1992)). Thus, photographing during an otherwise legal search does not constitute an unlawful search or seizure. Id. at *8 (citing *Bills*, 958 F.2d at 707). But, if the official was not on the property lawfully, the photographs would not fall under the plain view doctrine. *See Bills*, 958 F.2d at 707-08.

A Fourth Amendment seizure occurs when there is a meaningful interference with a person's possessory interest of property. *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 61

(1992). An incidental intrusion on the land is nothing more than a trespass and does not offend the Fourth Amendment. *Oliver v. United States*, 466 U.S. 170, 183 (1984). Mahalik has not stated a Fourth Amendment claim based upon the inspection and photography of his property. He alleges nothing more than an incidental intrusion. There was nothing unreasonable in Catania's walking and taking photographs on the property.

The allegation that the defendants padlocked Mahalik's home, denied him access and confiscated his plumbing permit is a different matter. Padlocking Mahalik's property and confiscating his permit constituted seizures within the meaning of the Fourth Amendment. These acts constituted meaningful interference with his possessory interest in the property. *Soldal*, 506 U.S. at 61.

The Fourth Amendment right is implicated if the seizure of a home is undertaken to collect evidence, verify compliance with a housing regulation, effect a police-regulated eviction or "for no reason at all." *Marcavage v. Borough of Lansdowne, Pa.*, 493 F. App'x 301, 307 (3d Cir. 2012) (citing *Soldal*, 506 U.S. at 69). The constitutionality of a municipality's warrantless seizure of a building or home is a question of reasonableness. *Gariffo Real Estate Holdings Co. v. City of Phila.*, No. 05-6153, 2007 WL 1410607, at *4 (E.D. Pa. May 11, 2007) (Robreno, J.) (citing *Soldal*, 506 U.S. at 62). In evaluating the reasonableness of a warrantless seizure, we must balance the intrusion on the individual's interests against the governmental interests used to justify the intrusion. *Brown*, 269 F.3d at 210 (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)).

An exception to the warrant requirement includes government officials entering and searching under exigent circumstances. *Wolfe*, 452 F. App'x at 183 (citing *Michigan v. Fisher*, 558 U.S. 45, 47 (2009)). The government official must have reasonably

believed exigent circumstances required the warrantless search. *Wolfe*, 452 F. App'x at

183 (quoting *Fisher*, 558 U.S. at 47); *see Good v. Dauphin Cty. Soc. Servs. for Children

& Youth*, 891 F.2d 1087, 1094 (3d Cir. 1989). The presence of exigent circumstances is

a question of fact. *United States v. Wolfe*, 452 F. App'x 180, 183 (3d Cir. 2011) (citing

*United States v. Coles*, 437 F.3d 361, 366 (3d Cir. 2006)).

Whether there were exigent circumstances justifying Cantania's inspecting and

photographing the property without a warrant or consent presents a factual question. *See*

*Coles*, 437 F.3d at 366 (whether exigent circumstances were present is a question of

fact). In their motion, the defendants rely on facts which do not appear in the complaint.

Instead, they assert them as if they have been proven.

Exigent circumstances may permit a government official to temporarily seize a

home without a warrant. *Illinois v. McArthur*, 531 U.S. 326, 331 (2001) (citing *Place*, 462

U.S. at 701). This standard has been applied in the eviction context. *See Rankin v.*

*Smithburger*, No. 2:12-CV-01373, 2013 WL 3550894, at *8 (W.D. Pa. July 11, 2013)

(where government official denied lessee access to her property one day earlier than an

eviction order required her to give up possession, district court denied motion to dismiss

Fourth Amendment claim because plaintiff sufficiently pled this was an unreasonable

seizure since the government had no legitimate interest in denying her access); *Para v.*

*City of Scranton*, No. 3:CV-06-2432, 2008 WL 2705538 (M.D. Pa. July 10, 2008) (denying

city's summary judgment motion on plaintiff's Fourth Amendment seizure claim where

evidence could show no emergency or exigent circumstances existed to justify the city's

seizure of plaintiff's building).

Mahalik has stated a Fourth Amendment claim for the seizure of his residence.  He alleges the defendants padlocked his house and prevented his entry until they completed the repairs.   Again, the defendants aver facts they contend created exigent circumstances.  As we have noted, we cannot consider these facts on a motion to dismiss. Confined to the facts alleged in the complaint, we conclude Mahalik has stated a Fourth Amendment cause of action for the padlocking of his home and confiscation of his plumbing permit.

*Criminal Trespass Claim*

The defendants argue Mahalik's claim for criminal trespass must be dismissed. They contend any claim for criminal trespass is a tort for which federal courts do not have jurisdiction.[29]  Defendants assert this claim must be brought under 18 P.S. § 3503 of the Pennsylvania Criminal Code.[30]

Mahalik is not asserting a stand-alone claim for criminal trespass. The main heading at the start of the complaint is entitled "Fourth Amendment Violations."[31]  The averments in the "Criminal Trespassing" section describe actions taken by Cantania which Mahalik characterizes as criminal trespassing.  He argues this constitutes a violation of the Fourth Amendment.  Thus, there is no need to address the defendants' argument.

---

[29] Mot. to Dismiss at 9.

[30] *Id.*

[31] Compl. at 4-5

*Damages Claim*

The defendants contend they cannot be liable for both the cost of the equipment Mahalik rented and the cost of completing the excavation and repair, particularly because he does not allege he owns the property or that he paid or is obligated to pay anyone to complete the work.[32]  However, the reasonable inference is that he did incur these costs.

*Qualified Immunity for Individual Defendants*

Defendants Cantania and Kennedy argue qualified immunity shields them from liability for civil damages.  Qualified immunity, which is an affirmative defense, will form the basis for dismissal on a 12(b)(6) motion "only when the immunity is established on the face of the complaint." *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (quotations and citations omitted).  At this early stage of the litigation, we cannot conclude if Cantania and Kennedy are entitled to the defense of qualified immunity.  The right to immunity is not established on the face of the complaint.

In evaluating a qualified immunity defense, we ask two questions.  First, do the facts alleged, viewed in a light most favorable to the plaintiff, demonstrate the official's conduct violated a statutory or constitutional right?  *Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164, 168 (3d Cir. 2016) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).  Second, was the right "clearly established" at the time of the challenged conduct?  *Id.* at 168-69.

Whether a right is clearly established is a determination which must be made in light of the specific facts of a case, and not as a generalized proposition.  *Saucier v. Katz*, 533 U.S. 194, 206 (2001).  The right must be sufficiently clear so a reasonable official

---

[32] Mot. to Dismiss at 10.

would understand her actions violate a clearly established right. *Anderson v. Creighton*, 483 U.S. 635, 635 (1987). There must be sufficient precedent at the time of the action to put the official on notice her conduct was prohibited. *Mammaro*, 814 F.3d at 169 (quoting *McLaughlin v. Watson*, 271 F.3d 566, 572 (3d Cir. 2001)). A right may be clearly-established even if there is no precedent directly on point. *Good*, 891 F.2d at 1092 (3d Cir. 1989). As long as a reasonable official in the defendants' position could have believed her conduct was lawful, she did not violate a clearly established right. *Id.*

Mahalik has alleged facts, viewed in a light most favorable to him, showing Cantania's and Kennedy's conduct violated his Fourth Amendment constitutional rights. He alleges Cantania and Kennedy seized his house by locking him out and seized his plumbing permit. He claims they did so without exigent circumstances or other justification.

As we have concluded, the padlocking of Mahalik's house and confiscation of his plumbing permit give rise to a Fourth Amendment violation. Any reasonable official would have been aware that an unjustified seizure of a home and denial of access to it violated the Fourth Amendment.

The defendants argue they are entitled to qualified immunity because there were exigent circumstances necessitating these actions. The defendants assume facts not on the face of the complaint. At this stage, we cannot consider the facts that are provided by the defendants in the motion to dismiss. Based on the facts *Mahalik* pleaded, there is no evidence of an imminent danger to justify the seizures.

Unless there were exigent circumstances, no reasonable official would have believed it lawful to padlock Mahalik's home, depriving him of access. Without facts

14

establishing exigent circumstances, we cannot determine whether the defendants are entitled to qualified immunity at this stage.

*Motion for a More Definite Statement Under Rule 12(e)*

Defendants request a more definite statement under Rules 8(a) and 12(e). They argue he has not clearly pleaded standing or which specific causes of action he is asserting against which defendant.[33]

Under Rule 12(e), a defendant may move for a more definite statement if a pleading "is so vague or ambiguous the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). If a lack of factual specificity in a complaint prevents defendants from framing a fact-specific qualified immunity defense, we may grant the motion for a more definite statement under Rule 12(e). *Thomas v. Indep. Twp.*, 463 F.3d 285, 289, 301 (3d Cir. 2006).

The complaint is not so vague and ambiguous that the defendants are unable to respond. Indeed, their motion specifically addresses the plaintiff's claims.

**Conclusion**

Because Mahalik has stated a Fourth Amendment claim for seizure of his property against the defendants Cantania and Kennedy in their individual capacities, we shall deny those defendants' motion to dismiss the complaint. Mahalik has stated no facts to support a claim against Cantania Engineering. Thus, we shall grant the motion to dismiss Cantania Engineering.

---

[33] Mot. to Dismiss at 12.